Busby v. Seaborne Hospital          CV-97-158-B    02/18/98

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>**Martha Busby, et al.**</u>

    **v.**                                                                C-97-158-B

<u>**Seaborne Hospital, Inc.**</u>

<u>**ORDER**</u>

Massachusetts recognizes a claim for loss of child consortium. <u>See</u> Mass. Gen. Laws Ann. ch. 231, § 85X (West Supp. 1997). New Hampshire does not. <u>See</u> <u>Siciliano v. Capitol City Shows, Inc.</u>, 124 N.H. 719, 724 (1984). Plaintiffs are the Massachusetts parents of a child who allegedly was injured while receiving treatment at a New Hampshire hospital. They have brought a loss of child consortium claim. The question presented by defendant's motion to dismiss the consortium claim is whether it is governed by Massachusetts or New Hampshire law. I conclude that the claim cannot survive because it is controlled by New Hampshire law.

New Hampshire choice of law rules require a court to consider five factors in analyzing most choice of law questions. They are: (1) predictability of results; (2) maintenance of orderliness and a good relationship among the states in our federal system; (3) simplification of the judicial task; (4) advancement by the court of its own state's governmental interests rather than those of

other states; and (5) the court's preference for what it regards as the sounder rule of law.  See Clark v. Clark, 107 N.H. 351, 353-55 (1966).

Two of these factors are irrelevant in this case.  The maintenance of a good relationship among the states would be unaffected by the application of either New Hampshire or Massachusetts law as both states have a sufficient interest in the outcome to satisfy this factor.  Further, either state's law could be applied with equal ease.  Thus, the answer to the choice of law question depends upon the remaining three factors.

Kathleen Busby allegedly was injured in New Hampshire as a result of defendant's conduct in New Hampshire.  Plaintiffs Martha and William Busby brought their daughter to New Hampshire for treatment.  Under these circumstances, it would be reasonable for the parties to expect that their relationship would be governed by New Hampshire law where the treatment was to be provided.  New Hampshire has a legitimate interest in determining the circumstances under which medical service providers in the state can be liable for negligent conduct.  They have a similar interest in determining whether such providers should be subject to liability for loss of child consortium claims.  Applying New Hampshire law thus favors this state's legitimate interests.  Finally, given the

fact that the New Hampshire Supreme Court has recently declined to recognize a tort of loss of child consortium, I can only presume that the court would conclude that its position represents the sounder rule of law.

A different result might well be warranted under a different choice of law test. See, e.g., Robert A. Brazener, Conflict of Laws as to Right of Action for Loss of Consortium, 46 A.L.R.3d 880 (1973) (application of domicil state's law might be appropriate under "most significant contact" choice of law test). Nevertheless, under the Clark criteria, there is little to be said for the application of Massachusetts law. Accordingly, the motion to dismiss is granted.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

February 18, 1998

cc:  Michael O'Shaughnessy, Esq.
     Bruce Felmly, Esq.